**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| PARVEEN SHARMA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE DESERT VIEW FACILITY, et al.,<br><br>Respondents. | Case No. 5:26-cv-05158-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Parveen Sharma filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his September 3, 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court's deadline. See Dkt. 4. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall release Petitioner Parveen Sharma (A# 246-558-205) under his previously applicable conditions of supervision within twenty-four (24) hours. The remaining claims and requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a native and citizen of India, entered the United States without inspection on December 22, 2022. See Petition ¶¶ 2, 24-25. Shortly thereafter, the Department of Homeland Security ("DHS") detained Petitioner per a Form I-200 Warrant for Arrest of Alien; DHS subsequently released Petitioner on an Order of Release on Recognizance (OREC) subject to alternatives to detention (ATD) and regular reporting to ICE.[1] See id. ¶¶ 2, 24-26. For more than three years, Petitioner complied with the conditions of his release, including appearing for in-person check-ins, complying with ATD supervision, and committing no violation of his release conditions. See id. ¶¶ 3, 27. Petitioner has no criminal history. See id. ¶¶ 13, 28. Petitioner established ties in the United States, obtained lawful employment per employment authorization based on his timely filed asylum application, and remained available to immigration authorities. See id. ¶¶ 3, 29-30. Petitioner's asylum application was received on May 24, 2023; it remains pending. See id. ¶¶ 8, 44; Dkt. 1-3.

On September 3, 2026, Petitioner was arrested at his regularly scheduled ICE appointment. See id. ¶ 4. Petitioner voluntarily arrived at the appointment expecting to comply with the same reporting obligation that he had satisfied for years. See id. ¶¶ 34-35. The record discloses no reason for Petitioner's re-arrest and no process afforded Petitioner before or since. See id. ¶¶ 5-7. Petitioner alleges that he received no advance notice or meaningful opportunity to be heard. See id. ¶¶ 5-7, 31, 35-41, 100-111. On September 4, 2026, Petitioner was served with a Notice to Appear, charging him as

[1] Petitioner's OREC is not in the record.

removable under 8 U.S.C. § 1182(a)(6)(A)(i) (presence without admission or parole).[2] See id. ¶ 8.

Petitioner claims the re-detention violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act. See id. ¶¶ 92-151. He seeks release, declaratory and injunctive relief, and fees. See id., Prayer for Relief ¶¶ 2-9.

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over a challenge to the statutory basis for present immigration detention that does not contest the validity of a removal order. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (per curiam). Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

No administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). A Form I-220A Order of Release on Recognizance is conditional parole under § 1226(a)(2)(B). See Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007). The record does not include a copy of Petitioner's OREC.

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that § 1226(a) supplies the governing authority. Petitioner was apprehended at the ICE office more than

---

[2] Petitioner's Notice to Appear is not in the record.

three years after his conditional release into the interior. The record indicates that Respondents charged Petitioner solely under 8 U.S.C. § 1182(a)(6)(A)(i), presence without admission or parole. As Petitioner argues, § 1226(a) governs. See, e.g. Petition ¶ 66. The non-appearing Respondents do not argue otherwise. Regardless, the due process analysis below does not depend on which provision governs Petitioner's detention.

The Due Process Clause protects a person's interest in conditional liberty once he has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in his continued release. The record indicates that Petitioner did exactly that for over three years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after over three years of compliant liberty—is substantial. The risk of erroneous deprivation is high because on this record, Petitioner received no procedures: no notice or meaningful opportunity to be heard, before or after his arrest. And no governmental interest appears: Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante—the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's remaining claims or the injunction request, and expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Parveen Sharma (A# 246-558-205) on the conditions of release in effect immediately before his September 3, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: September 17, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge